UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21483-CIV-HOEVELER

SCOTT JENSEN and
LAURA JENSEN,

    Plaintiffs,

v.

MIAMI-DADE COUNTY,

    Defendant.

_____/

### ORDER ON DISCOVERY MOTIONS

This Cause comes before the Court on the Plaintiffs' Motion to Compel Defendant's Motion to Strike the Motion to Compel, and Defendant's Motion to Compel.

Plaintiffs' Third Amended Complaint alleges that the Defendant is responsible, according to 42 U.S.C. § 1983 and the theory of vicarious liability, for the alleged use of excessive force by its employees and deliberate indifference to the constitutional rights of Scott Jensen. The Complaint also includes a claim for loss of consortium suffered by Laura Jensen. The parties' discovery process has not been without difficulty, and the Court herein resolves motions to compel as to several outstanding issues.

Plaintiffs' Motion to Compel, filed Sept. 22, 2010, seeks better answers to interrogatories which were responded to on April 28, 2010. In lieu of filing a response to the motion, Defendant moved to strike Plaintiffs' motion, noting that the Plaintiffs' motion is not timely, nor did Plaintiffs attempt to resolve the disagreements informally in a timely fashion. (Additional arguments for denying the requested relief also have

merit.) At a conference before this Court on May 28, 2010, i.e., after Plaintiffs' counsel had received Defendant's responses to the interrogatories, Plaintiffs' counsel were reminded as to the correct date of the alleged incident, yet counsel continue to refer in their recent filings to a date in February 2007, instead of September 2007 (as alleged in the complaint); moreover, Plaintiffs' counsel waited until four months after the conference to file a motion to compel - as to responses already received a month prior to the conference. Counsel is cautioned that future failures to proceed in a timely fashion may be met with sanctions. Although the Plaintiff's motion to compel is untimely, the Court has determined that Defendant should be compelled to provide answers to a few of the Plaintiff's Interrogatories, as described below, and shall consider each request to refer to the dates of the incident as alleged in the complaint (September 7 - 8, 2007).

Interrogatories No. 3, 6, 7, 8 - Defendant shall answer.

Interrogatory 10 - Defendant shall respond as to whether, on September 7 - 8, 2007, there were any written procedures regarding correctional officers' response to incidents of distress among detainees at the specific facility where Plaintiff was housed?

Interrogatory 11 - Defendant shall respond as to whether, on September 7 - 8, 2007, there were any written procedures regarding correctional officers' response to incidents of injury among detainees at the specific facility where Plaintiff was housed?

Interrogatory 14 - Defendant shall respond, but only need answer the question as to the specific facility in which Plaintiff was housed, and only for a period of six months prior to and including September 7, 2007.

All objections of Defendant to the remaining Interrogatories are sustained. Thus, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion to Compel is GRANTED, in part, consistent with the above. Defendant's Motion to Strike is DENIED, as MOOT.

As to the interrogatories served on Plaintiffs, Defendant filed a Motion to Compel on Sept. 22, 2010, to which no response was filed. The Court hereby GRANTS the Motion to Compel as to Interrogatories Nos. 2, 3, 6, 9, 10, 11, and 12 - Plaintiffs shall provide more complete responses to Defendant no later than December 20, 2010. Although Plaintiff claims that "medicals" already have been provided, Defendant disputes this claim. Plaintiff is directed that all medical records relating to the injuries allegedly inflicted on September 7 - 8, 2007, shall be provided to Defendant no later than December 20, 2010. As to Defendant's request, in Interrogatory No. 15, for Plaintiffs' expert witness information, Plaintiff has failed to abide by the disclosure deadline pursuant to the parties' own Scheduling Report, adopted by this Court. As to the sole expert identified, Mr. Guasto, Plaintiffs shall provide a report to Defendant of the expert's intended testimony no later than December 20, 2010, or Mr. Guasto will not be permitted to testify at trial. Plaintiff also shall produce to Defendant a list of all other intended expert witnesses, including reports of their expertise - consistent with the Federal Rules of Civil Procedure, and shall do so no later than December 20, 2010.

The Court notes that the parties' requested extension of the discovery deadline necessitates an extension of the deadline for filing dispositive motions, which shall be

reset for January 6, 2011 - no extensions will be granted.

DONE AND ORDERED in Chambers in Miami this 3rd day of December 2010.

*[signature]*

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
   Karen Barnet-Backer
   Michael B. Nadler

4