UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21483-CIV-HOEVELER

SCOTT JENSEN and
LAURA JENSEN,

      Plaintiffs,

v.

MIAMI-DADE COUNTY,

      Defendant.

_____/

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

This Cause comes before the Court on the motions for summary judgment filed by Plaintiffs and Defendant. For the reasons summarized below, the Court has determined that this case is not proper for summary judgment.

Plaintiffs' Third Amended Complaint alleges that the Defendant is responsible, according to 42 U.S.C. § 1983, for the alleged use of excessive force by its correctional officers and deliberate indifference to the constitutional rights of Scott Jensen (demonstrated by a failure of the Defendant to properly train and supervise its correctional officers). The Complaint also includes two state law claims: vicarious liability for assault and a claim for loss of consortium suffered by Laura Jensen. Defendant denies that its employees did anything wrong, and claims that Plaintiffs have not established a basis for liability as to any of their claims.

Plaintiffs' motion for summary judgment

Plaintiffs seek summary judgment as to the claims relating to excessive force[1], and correctly note that a litigant pursuing a claim under Section 1983 must show that the alleged unconstitutional action "was approved or ratified by the final policymaker, or the action was part of a broader range of conduct engaged in or tolerated by the local government entity to the extent that the conduct rose to the level of a 'custom or usage with the force of law.'" Stated simply, that the violation in question "was, in effect, the act of [the municipality]". To support their argument in favor of summary judgment, Plaintiffs rely heavily on an August 24, 2011, report of an investigation conducted by the United States Department of Justice as to Miami-Dade County Corrections and Rehabilitation Department ("MDCR"), see ECF No. 85-1. That report was the result of a three year investigation, commenced in April 2008, and found that: "MDCR corrections officers openly engage in abusive and retaliatory conduct, which frequently results in injuries to prisoners." Id., pp. 18-19. The report lists three incidents (from May to August 2007) which support the finding, at least one of the specified incidents occurred at the same facility in which Plaintiff Scott Jensen allegedly was injured in September 2007 (Pre-Trial Detention Center). The report includes additional findings which Plaintiffs argue are sufficient evidence of a pattern or practice.[2]

---

[1] Plaintiffs' motion is silent as to the claim for loss of consortium.

[2] For example, "Only a few officers were able to competently discuss MDCR policy [as to the use of force]." "Contributing to this pattern or practice, use of force reporting in the Jail is frequently inaccurate or incomplete ...." ECF No. 85-1, pp. 19-20.

2

Plaintiffs also refer to a report of excessive force by an Officer Tompkins as to an inmate (Jenkins) at the Pre-Trial Detention Center on May 28, 2007. ECF No. 117-8. Officer Tompkins reportedly was the officer who transported Plaintiff Scott Jensen from the clinic to the hospital in September 2007. Throughout this case, Plaintiffs have suggested that there is substantial evidence of other episodes of excessive force by County employees, but Plaintiffs have not offered extensive evidence in this regard. Plaintiffs offer the testimony of Plaintiff Scott Jensen, and the testimony of several Corrections Officers - Trisha Johnson, Thomas Miller, Tory Tompkins, and Corenthia Willis, none of whom directly witnessed Plaintiff being beaten or injured, nor had any significant recollection of the events at issue on September 8, 2007. Plaintiffs also provided the arrest report dated September 7, 2007, along with documents relating to Plaintiff Jensen's time in custody at the Pre-Trial Detention Center: Daily Inmate Movement Log showing that Plaintiff was taken to the Clinic at 3:30 pm, ECF No. 117-4, and an Incident Report of September 8, 2007, indicating that "Jensen had a seizure in PEW1, while walking from the restroom,"[3] and that Jensen "hit his head on the bunk prior to falling to the ground," ECF No. 117-6.[4] According to the Incident Report, Jensen was escorted to

---

[3] According to Officer Miller, there are approximately 23 total bunk beds on each side of the walls of the cell (PEW1) in a top and bottom row, and approximately eight toilets along the back wall of the cell. ECF No. 115-4, pp. 48-49.

[4] The information in the Incident Report was entered by Officer Miller. At his deposition in November 2010, Officer Miller was unable to recall the source of the information contained in the report, and could not recall whether he had witnessed Plaintiff Jensen having a seizure; nor did Officer Miller recall whether there had been witness statements collected at the time (none were attached to the Report,

3

the medical clinic by Officer Willis.

In response to Plaintiffs' motion, the Defendant argues that the DOJ report is inadmissible and includes unsubstantiated allegations and legal conclusions (and only references a small number of instances over a long period of time). Defendant also argues that Plaintiffs have not met their burden of establishing that Plaintiff Scott Jensen suffered a constitutional injury. For example, because Jensen was unable to recall how he was injured, and therefore cannot identify any County employee responsible for the alleged use of excessive force, Defendant argues that there is no direct evidence of the alleged injury being caused by Defendant. In contrast to Plaintiffs' theory as to the method by which Plaintiff Scott Jensen was injured[5], Defendant offers the statements of two individuals who were in custody at the Pre-Trial Detention Center on September 8, 2007. The identical statements report that the individuals recalled "Jensen having a seizure and hitting his head on the bunk bed before falling to the ground" and that the individuals never saw a County Corrections Officer "make any physical contact with Mr. Jensen." ECF No. 114-2 (Declaration of Little Willy Mells, dated August 10, 2012) and ECF No. 114-3 (Declaration of Raul Santana, dated August 20, 2012). Moreover, Defendant asserts that Plaintiff has not shown that the County's final policymaker(s) (either the

---

and Officer Miller admitted that if there were any such statements then they should have been attached to the Report). The Report was not printed out and signed until November 12, 2007, and upon questioning by Plaintiffs' counsel during a deposition, Officer Miller testified that the report would have been printed on September 8, but that it was not his duty to keep up with the signing of the reports.

[5]Defendants also challenge Plaintiffs' reliance on expert testimony to establish, for example, the manner in which Plaintiff received his injuries.

4

County Commission, County Manager, or County Mayor, as argued in Defendant's motion) had knowledge of the risk of harm from the alleged informal policy of permitting excessive use of force against pre-trial detainees, and consciously disregarded such risk.

The Court finds that Plaintiffs have not established a basis for the entry of summary judgment in their favor. Taking the evidence in the light most favorable to Defendant, material facts remain in dispute as to the extent of any alleged unofficial policy of permitting pretrial detainees to be at risk of harm from the use of excessive force by Defendant's correctional officers. The Court's finding that summary judgment is inappropriate is not based on the proffered expert testimony, nor on the DOJ report, but rather on, *inter alia*, the deposition testimony of the witnesses and the record as to Officer Thompkins.

Defendant's motion

In addition to the Defendant's arguments summarized above, Defendant's motion for summary judgment includes the argument that Plaintiff Scott Jensen's state law claim of assault is barred because of the extent of the claimed conduct of the unknown officers whom allegedly beat Plaintiff.[6] Specifically, the County argues that it cannot be liable for the state law claim (vicarious liability for the

---

[6] According to Fla. Stat. § 768.28(6), an action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, ... within 3 years after such claim accrues and ... [the] appropriate agency denies the claim in writing ...." Plaintiffs alleged that they provided proper written notice pursuant to Fla. Stat. § 768,28, and that Defendant failed to dispose of the claim within six months.

5

assault), as the County is not liable in tort "for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9). Thus, although Plaintiffs alleged that the unknown officers were acting within the scope of their duties, to the extent that Plaintiffs claim that those officers' conduct was "so outrageous" and that the force "was applied maliciously and sadistically," Complaint, §¶ 11, 12, 24, Plaintiffs have pleaded a case of "wanton and willful disregard" of Plaintiff Scott Jensen's rights which would suggest a finding of no liability against the County. Plaintiffs failed to address this claim in their response to Defendant's motion. Although it appears that Plaintiffs may not be able to establish tort liability against the County at trial, as - presumably - Plaintiffs will present evidence of willful and outrageous conduct by corrections officers in disregard of Plaintiff Jensen's rights - the Court must take the evidence in the light most favorable to Plaintiffs at this stage of the proceedings and, thus, is compelled to deny the Defendant's motion for summary judgment as to this claim.[7]

While Defendant has made several compelling arguments as to the basis for liability under Section 1983, and the state tort liability, the Court finds that this case is unable to be decided on summary judgment. Evaluation of the evidence in a

---

[7]Defendant also argued that if there is no finding of liability for excessive force, then Plaintiff Laura Jensen's claim must fail; Plaintiffs failed to address this argument in their response to Defendant's motion.

6

light most favorable to the non-moving party compels the Court to conclude that there is at least a material factual dispute as to the injury suffered by Plaintiff Scott Jensen, and - most importantly - there is at least a minimally established claim that the alleged use of excessive force was part of a sufficiently prevalent and persistent pattern in the Corrections Department such that it demonstrates the existence of a custom, or unofficial policy, of the Defendant.  Indeed, Plaintiffs suggest that the practice was so widespread that the Defendant's policymakers were either aware or were deliberately ignorant or indifferent to the state of affairs at the Corrections Department.[8]

In a decision issued in February 2006, the Court of Appeals for the Eleventh Circuit observed that a detective with the Miami-Dade Police Department had alleged that the "'County's corporate representative' admitted a 'systemic practice of covering up incidents of excessive force,'" and that the "Mayor warned the County Commission of the 'grave Countywide problem' of excessive force." <u>Perez v. Miami-Dade County</u>, 168 Fed. Appx. 338, 341 (11th Cir. 2006).  The appellate court found that the evidence proffered in that case was sufficient to establish genuine issues of material fact as to the alleged use of excessive force by the County's Police Department (not the Corrections Department) against the detective in an incident in 1995, and reversed the lower court's entry of summary judgment for the County

---

[8]The testimony of the Corrections Officers offered in this case reveals that the Officers had great difficulty in recalling facts related to the incident on September 8, 2007, or specific facts related to other allegations of excessive force at the Corrections Department, but the Officers did not deny that other allegations of excessive force have been brought against the Corrections Department.

7

as to the detective's claims brought under 42 U.S.C. § 1983. While the Court does not rely on the <u>Perez</u> decision - nor the alleged facts referenced therein - for any ruling made by the Court today, the observations of the appellate court are illustrative of the type of evidence which Plaintiffs will need to produce in order to demonstrate municipal liability for the allegedly unwritten policy which they claim caused Plaintiffs' injuries. Plaintiffs must demonstrate that the Defendant's actions were "'taken with the requisite degree of culpability ... with deliberate indifference to its known or obvious consequences'" in order "'to ensure that the municipality is not held liable solely for the actions of its employee.'" <u>McDowell v. Brown</u>, 392 F.3d 1283, 1291 (11th Cir. 2004) (internal citations omitted). Again, the Court notes that Defendant has made strong arguments as to these issues, but at this time the Court must deny the Defendant's motion for summary judgment. The Court will, of course, entertain a properly supported motion for judgment if the evidence at trial does not establish a basis for liability.

Finally, Defendant's motion to strike and exclude Plaintiff's expert Robert T. Lacey is DENIED. The Court will permit Defendant to examine Mr. Lacey's credentials before the witness will be accepted as an expert, and even if the witness is accepted as an expert, Defendant will have the opportunity to engage in extensive cross examination to address the issues raised in Defendant's motion.

DONE AND ORDERED in Chambers in Miami this 21st day of November 2012.

*[signature]*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

<u>Copies furnished:</u>   counsel of record

8