UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21483-CIV-HOEVELER

SCOTT JENSEN and
LAURA JENSEN,

    Plaintiffs,

v.

MIAMI-DADE COUNTY,

    Defendant.

_____/

## ORDER PERMITTING ADDITIONAL DISCOVERY

THIS CAUSE comes before the Court on the Court's review of the pending motions. As noted in the Court's Order entered on March 19, 2013, this Court must grant judgment in favor of the Defendant as to the Plaintiffs' Section 1983 claim[1] unless Plaintiffs present evidence that a final decisionmaker had timely knowledge of the problem of the use of excessive force by Defendant's employees and consciously disregarded that risk. Rather than granting summary judgment at the time of the March 2013 order, I provided Plaintiffs with the opportunity to depose one additional witness in order to introduce evidence in this record which would demonstrate their entitlement to a trial of this issue, and Plaintiffs elected to depose former Miami-Dade County Mayor Carlos Alvarez. (I granted Plaintiffs this

---

[1] Plaintiffs' Third Amended Complaint refers to Defendant's "failure to properly train and supervise its employees" and alleges that the use of excessive force by correctional officers was done "with no oversight by the Defendant, and apparent unconcern and indifference by it." Complaint, ¶ 11. Specifically, in Count I, Plaintiffs allege that the Defendant violated Section 1983 by the "unconstitutional use of force" against Plaintiff Scott Jensen. Id., ¶ 20.

opportunity because the evidence presented by the Plaintiffs raised a significant question of fact as to what transpired during Plaintiff Scott Jensen's stay at the County's Pre-Trial Detention Center. And the County's evidence was far from persuasive in explaining what took place such that Jensen, who entered the Center without injury, ultimately required hospitalization several hours later for injuries sustained while he was at the Center.)

During his testimony, former Mayor Alvarez repeatedly denied having knowledge of a problem with the use of excessive force by corrections officers. His testimony clearly established that during his time as Mayor he was not aware of an excessive force problem at the Pre-Trial Detention Center. Plaintiffs argue that Alvarez's testimony blamed the Director of the Department of Corrections for not presenting this information to the Mayor at some time in 2007, but the Court disagrees with that characterization of the testimony. Alvarez testified that the Director "had information that I don't have the knowledge to make a determination whether it rose to the level where he should have advised me." ECF No. 173-1, at 11 (Testimony of Alvarez). Plaintiffs ask for permission, at this very late stage of the proceedings, to depose the Director of the Department of Corrections in order to discern whether "the director knew and told the Mayor" (ECF No. 175, at p. 4) - despite the clear statement of (former) Mayor Alvarez that he was not told of a problem with the use of excessive force by corrections officers.

The Court has struggled with the alleged facts of this case and the evidence submitted to date and, while I am inclined to grant summary judgment in favor of

the Defendant, I have determined that one final opportunity shall be given to all parties to depose one further witness. Plaintiffs shall be entitled to select one witness, whether previously identified or not, and Defendant shall also have that privilege. Any supplemental evidence shall be submitted to the Court no later than October 31, 2013. There will be no further extensions granted.

In addition, the Court has determined that the Defendant's three motions *in limine* (to exclude DOJ report, to exclude internal affairs investigations, and to bifurcate trial) shall be DENIED, without prejudice to renew, in the event that the Court does not enter summary judgment in favor of the Defendant.

DONE AND ORDERED in Chambers in Miami this 27th day of September 2013.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished: counsel of record