UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21483-CIV-HOEVELER

SCOTT JENSEN and
LAURA JENSEN,

    Plaintiffs,

v.

MIAMI-DADE COUNTY,

    Defendant.

_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

THIS CAUSE comes before the Court on the Defendant's motion for summary judgment - which asked this Court to reconsider its prior denial of Defendant's request for summary judgment. The Court has reconsidered the matter and, after permitting the parties to engage in additional discovery and reviewing the results of that effort, the Court now has determined that summary judgment in favor of Defendant is warranted as to the sole remaining claim: Plaintiffs' claim under 42 U.S.C. § 1983 that the County failed to properly train and/or supervise its corrections officers.

Plaintiffs' Section 1983 claim cannot succeed because Plaintiffs have failed - despite multiple attempts to do so - to present evidence that a final decisionmaker had timely knowledge of a problem relating to the use of excessive force by Defendant's employees and consciously disregarded that risk. Former Mayor Alvarez was deposed by Plaintiffs and repeatedly denied having knowledge of a

problem with the use of excessive force by corrections officers. Plaintiffs also deposed the Director of Corrections for Miami-Dade County, Timothy Ryan. Director Ryan, who started his service as the Director of Corrections on December 4, 2006, testified that he never discussed any incidents of excessive force with Former Mayor Alvarez, prior to issuance of the Department of Justice letter in early 2008.[1] Director Ryan testified that he found no evidence of a systemic problem involving the use of excessive force by corrections officers. "I did not believe there was a systemic issue that would rise to the level to tell the Mayor." ECF No. 184-1, at 29. The Former Director testified that he changed some of the Department's policies during the summer of 2007, but at no time did he find a "significant issue of concern regarding the use of force." Id., at 30.

As Plaintiffs have failed to establish that either the Defendant's County Manager prior to the January 2007 change in local authority, or the County Mayor after that date and before the date of the incident in September 2007, or County Commission had notice at some time prior to September 2007 of a need to train or supervise County corrections officers as to the use of excessive force and consciously disregarded that risk, Defendant is entitled to summary judgment. Moreover, after a review of the evidence recently presented by Defendant as to Plaintiff Scott Jensen's medical records immediately after the incident at issue, the Court finds that Plaintiffs have not presented a triable issue of fact as to the question of

---

[1] Nor did Director Ryan raise any such issues with the Assistant County Manager (on behalf of the County Manager) nor the Board of County Commissioners during the relevant time periods when they were the County's final decisionmakers.

2

whether Plaintiff was injured as a result of Defendant's conduct.

In conclusion, after having granted Plaintiffs a full opportunity to present their case, the Court finds that Defendant is entitled to summary judgment as to Count IV. For all the reasons stated above, and in the Court's prior Orders, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is GRANTED. Further, Plaintiffs' emergency motion to compel, or motion for extension of deadline is DENIED. This case is closed.

DONE AND ORDERED in Chambers in Miami this 9th day of December 2013.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished: counsel of record